IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

Ratkowski Law PLLC,

    Plaintiff,

v.

U.S. Food and Drug Administration (FDA).

    Defendant.

Case No.: 25-CV-4701

**COMPLAINT**

## INTRODUCTION

1. Plaintiff brings this action to redress violations of the Freedom of Information Act ("FOIA"). Defendant FDA has failed "determine within 20 days… whether to comply with" Plaintiff's FOIA request or related request for a waiver of FOIA fees, pursuant to 45 C.F.R. § 5.51, and in violation of 5 U.S.C. § 552(a)(6)(A)(i). The FDA has likewise failed to notify Plaintiff of the determination or reasons therefore regarding whether FDA will comply with Plaintiff's FOIA request.

2. The FDA has unlawfully withheld responsive documents requested by Plaintiff without providing adequate justification in violation of 5 U.S.C. § 552(a)(3)(A).

3. This is an action under the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), seeking to compel Defendant to immediately respond to Plaintiff's FOIA request, which was delivered via USPS mail to Defendant on September 29, 2025, and which Defendant has failed to adequately respond to.

4. Defendant is unlawfully withholding information sought by Plaintiff which it is entitled and for which no valid disclosure exemption applies. Defendants have failed to comply with the statutory mandates and deadlines imposed by FOIA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(C)(i). Because this action arises under FOIA against an agency of the United States, this Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

7. Plaintiff, Ratkowski Law, is a law firm with its principal place of business located at 332 Minnesota St., STE W1610, St. Paul, MN 55101. Ratkowski Law provides legal assistance to immigrants, criminal defendants, and persons seeking postconviction or other forms of relief from detention.

8. Defendant FDA is an agency of the United States government and an agency within the meaning of 5 U.S.C. § 552(f)(1).

9. Defendant FDA has custody and control over the records the Plaintiff seeks to have made publicly available under 5 U.S.C. § 552(a)(2).

## EXHAUSTION

10. Plaintiff has exhausted its administrative remedies as required by law.

11. Defendant failed to comply with Plaintiff's FOIA request within the statutory timeline. *See* 5 U.S.C. § 552(a)(6)(C)(i).

12. Defendant violated 5 U.S.C. § 552(a)(6)(A)(i) by failing to make a determination as to whether it will comply with Plaintiff's FOIA request within 20 or 30 working

days of receiving Plaintiff's FOIA request. Thirty working days from September 29, 2025 (date of FOIA receipt, with day 1 being September 30, 2025), would be November 10, 2025.

13. A litigant has exhausted their administrative remedies if an agency fails to comply with applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i).

## STATEMENT OF FACTS

14. On September 23, 2025, Plaintiff mailed a FOIA request to Defendant, which Defendant received on September 29, 2025.

15. On October 24, 2025, Defendant sent Plaintiff's attorney an email with an attached "request acknowledgment letter." The letter provides Case # FDA-FOIA-2025-12301.

16. The acknowledgment letter does not include the "determination" mandated under 5 U.S.C. § 552(a)(6)(A). The letter does not state whether the FDA will comply with the request, nor the reasons therefore, nor does the letter advise Plaintiff of the right to seek assistance from the FOIA Public Liaison, nor does the letter identify a right of appeal from an adverse determination.

17. In the initial FOIA request, Plaintiff requested a fee waiver pursuant to 45 C.F.R. § 5.54.

18. Plaintiff also made a request for expedited processing under 45 C.F.R. § 5.27 because "[t]he requested records are urgently needed for expert scientific and medical analysis in connection with contemplated postconviction litigation, where significant liberty interests are at stake, and which has a strict two-year statute of

limitations in Minnesota, which has long ago elapsed, and which the client will need to seek equitable tolling for."

19. The request to expedite and fee waiver request have both been ignored.

20. There is not presently any estimated date of completion, or even a written indication that the request will be completed.

21. As of December 18, 2025, there has been no substantive response or initial determination to Plaintiff's FOIA request.

## CLAIMS FOR RELIEF

## CAUSE OF ACTION

**Violation of the Freedom of Information Act, 5 U.S.C. § 552**

### Count 1: Unlawful Delay

22. Plaintiff repeats, alleges, and incorporates, as fully set forth herein, each and every allegation contained in paragraphs 1-21 above.

23. Defendant is obligated under 5 U.S.C. 552(a)(6)(A)(i) to make a determination with respect to Plaintiff's FOIA request within twenty or thirty business days after receipt of the FOIA request.

24. Defendant never made a determination regarding Plaintiff's appeal, as is required by 5 U.S.C. 552(a)(6)(A)(i).

25. More than 30 working days have elapsed since Plaintiff filed its FOIA request with Defendant, meaning that Defendant's failure to provide a determination within the meaning of 5 U.S.C. 552(a)(6)(A)(i) is unlawful. Defendant has likewise failed to provide a determination as to Plaintiff's Fee Waiver request and Request to Expedite.

26. Defendant's failure to make a determination with respect to Plaintiff's FOIA request and sub-requests violates 5 U.S.C. 552(a)(6)(A)(i).

## Count 2: Inadequate Justification for Withholding

27. Plaintiff repeats, alleges, and incorporates, as fully set forth herein, each and every allegation contained in paragraphs 1-26 above.

28. Plaintiff has a legal right to obtain the records requested in the FOIA request, and there is no valid legal basis for Defendant's withholding of responsive documents.

29. By failing to make a timely determination under the FOIA, Defendant is causing Plaintiff's non-receipt or delayed receipt of documents responsive to the FOIA.

30. Defendant's failure to timely disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

## PRAYER FOR RELIEF

Plaintiff respectfully prays for judgment against Defendant(s) as follows:

a. Declare that Defendant has failed to provide Plaintiff with a timely "determination" of Plaintiff's FOIA request within the meaning of 5 U.S.C. § 552(a)(6)(A)(i).

b. Declare that the Defendant's failure to respond to Plaintiff's appeal within the time limitation imposed in 5 U.S.C. § 552(a)(6)(A)(i) violates U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder;

c. Order Defendant to expeditiously respond to Plaintiff's FOIA request;

d. Order Defendant to waive search fees related to Plaintiff's FOIA request as a result

of Defendant's failure to comply with the time limitations imposed under 5 U.S.C. § 552(a)(6)(A)(ii). *See* 5 U.S.C. § 552(a)(4)(A)(viii)(I).

e. Declare that Defendant may not charge Plaintiff review fees, as Plaintiff is not a commercial use requester. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(III).

f. Order Defendant to promptly release records related to Plaintiff's FOIA request pursuant to 5 U.S.C. § 552(a)(3)(A) and without charge or at a reduced rate pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) related regulations.

g. Award the Plaintiff reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E), and any other applicable statute or regulation; and

h. Grant such other relief as the Court may deem just, equitable, and appropriate.

DATED: December 18, 2025                    Respectfully submitted,

/s/ *Nico Ratkowski*
Nico Ratkowski
MN Attorney ID: 0400413
Ratkowski Law PLLC
332 Minnesota St., STE W1610
Saint Paul, MN 55101
P: (651) 755-5150
E: nico@ratkowskilaw.com

*Attorney for Plaintiff*